UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DINA H.,

                         **Plaintiff,**

v.                                                       20-CV-1494

**COMMISSIONER OF SOCIAL SECURITY,**

                         **Defendant.**

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all proceedings in this case, including entry of final judgment. Dkt. No. 13. Dina H. ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for benefits. This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. Nos. 10, 11. For the following reasons, Plaintiff's motion (Dkt. No. 10) is denied, and the Commissioner's motion (Dkt. No. 11) is granted.

## BACKGROUND

On February 12, 2019, Plaintiff applied for a period of disability and Disability Insurance Benefits ("DIB") alleging that she became disabled on May 2, 2018, by sciatic nerve pain, disc herniation, bulging discs, lumbar and cervical sprain, radiculopathy,

depression, and anxiety.  Tr. at 189-95, 215.[1]  Plaintiff's claim was denied at the initial level, and she requested review.  Administrative Law Judge Stephen Cordovani ("the ALJ") conducted a hearing on May 28, 2020.  Tr. at 46.  Plaintiff, who was represented by counsel, testified as did a vocational expert.  Tr. at 53-90.  On July 1, 2020, the ALJ issued a decision in which he found that Plaintiff was not under a disability as defined by the Act from February 12, 2019, through December 31, 2019, her date last insured.  Tr. at 27-41.  The Appeals Council denied Plaintiff's request for review making the ALJ's decision final.  Tr. at 1-7.  This action followed.  Dkt. No. 1.

## **LEGAL STANDARD**

**Disability Determination**

A person making a claim for Social Security benefits bears the ultimate burden of proving disability throughout the period for which benefits are sought.  *See* 20 C.F.R. § 416.912(a); *Schauer v. Schweiker*, 675 F.2d 55, 59 (2d Cir. 1982).  The claimant is disabled only if she shows that she is unable to engage in any substantial gainful activity due to any medically determinable physical or mental impairment which has lasted, or can be expected to last, for a continuous period of at least 12 months.  42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.909; *see Barnhart v. Walton*, 535 U.S. 212, 216-22 (2002).

---

[1] Citations to "Tr. __" refer to the pages of the administrative transcript, which appears at Docket No. 8.

A disabling physical or mental impairment is an impairment that results from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 1382c(a)(3)(D).  Congress places the burden upon the claimant to establish disability by "furnish[ing] such medical and other evidence of the existence [of a disability] as the Commissioner . . . may require."  42 U.S.C. § 1382c(a)(3)(H)(i).  The function of deciding whether a person is under a disability within the meaning of the Act belongs to the Commissioner.  20 C.F.R. § 416.927(e)(1); *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997).

In keeping with this function, the Commissioner has established a five-step sequential evaluation for adjudicating disability claims, which is set forth at 20 C.F.R. § 416.920.  The claimant has the burden at the first four steps.  The Commissioner has the burden at the fifth step of demonstrating that the claimant can perform other work existing in significant numbers in the national economy; but the burden of proving disability is always on the claimant.  *See* 20 C.F.R. § 416.920; *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (stating that "[t]he claimant bears the ultimate burden of proving [disability] throughout the period for which benefits are sought") (citation omitted).

**District Court Review**

42 U.S.C. § 405(g) authorizes a district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  Section 405(g) limits the scope of the Court's review to two inquiries:

whether the Commissioner's conclusions were based upon an erroneous legal standard, and whether the Commissioner's findings were supported by substantial evidence in the record as a whole.  See *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).

Substantial evidence is "more than a mere scintilla."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (emphasis added and citation omitted).  The substantial evidence standard of review is a very deferential standard, even more so than the "clearly erroneous" standard.  *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 447-48 (2d Cir. 2012) (citing *Dickinson v. Zurko*, 527 U.S. 150, 153 (1999)).

When determining whether the Commissioner's findings are supported by substantial evidence, the Court's task is "'to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'"  *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)).  If there is substantial evidence for the ALJ's determination, the decision must be upheld, even if there is also substantial evidence for the plaintiff's position.  See *Perez v. Chater*, 77 F.3d 41, 46-47 (2d Cir. 1996); *Conlin ex rel. N.T.C.B. v. Colvin*, 111 F. Supp. 3d 376, 384 (W.D.N.Y. 2015).  Likewise, where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## **DISCUSSION AND ANALYSIS**

**The ALJ's Decision**

The ALJ analyzed Plaintiff's claims using the familiar five-step process. *Lynch v. Astrue*, No. 07-CV-249-JTC, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 2, 2018, her alleged onset date.[2] Tr. at 32. The ALJ concluded at step two that Plaintiff suffered from the severe impairments of degenerative disc disease of the back and neck; sacroliitis (inflammation of one or both sacroiliac joints); and obesity. Tr. at 32. At step three, he concluded that Plaintiff did not have an impairment or combination of impairments which met or equaled the Listings giving special consideration to Listing 1.04 (Disorders of the Spine) and Social Security Ruling 19-2p (Evaluating Cases Involving Obesity). Tr. at 35.

The ALJ found that Plaintiff retained the RFC to perform light work as defined by 20 C.F.R. § 404.1567(b), except she can perform unlimited sitting; can stand and/or walk for up to 6 hours in an 8-hour day; can frequently lift and carry up to 15 pounds; can occasionally use ramps and stairs; can frequently balance, kneel, crouch, and crawl; can never climb ladders, ropes, or scaffolds; and can never work at unprotected heights. Tr. at 35. Relying on the VE's testimony, the ALJ found that Plaintiff could perform jobs that exist in significant numbers in the national economy, including the jobs of furniture rental clerk and price marker. Tr. at 40. Accordingly, the ALJ determined that

---

[2] The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2019. Tr. at 32.

Plaintiff had not been under a disability from May 2, 2018, through December 31, 2019. Tr. at 41.

**Judgment on the Pleadings**

As noted above, the parties have cross-moved for judgment on the pleadings. Dkt. Nos. 10, 11. Plaintiff argues that in finding that her mental limitations were non-severe, the ALJ erroneously rejected consultative psychologist Dr. Jeannine Ippolito's opinion that Plaintiff suffered from moderate mental limitations in favor of a less restrictive assessment by non-examining psychologist Dr. J. May. Dkt. No. 10-1, pp. 15-19. Plaintiff also contends that the Appeals Council erred in rejecting post-decision medical evidence. Dkt. No. 10-1, pp. 10-15. For the following reasons, this Court disagrees and finds that remand is not warranted.

**Step 2 Error**

At step two, a claimant must first produce "objective medical evidence from an acceptable medical source" that she suffers from a medically determinable physical or mental impairment. 20 C.F.R. § 404.1521. The Commissioner then determines whether the impairment or combination of impairments is severe; in other words, is one that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1522; 20 C.F.R. § 404.1520(c). A "finding of 'not disabled' is made at [step two] when medical evidence establishes only a slight abnormality . . . which would have no more than a minimal effect on an individual's ability to work…" Social Security Ruling (SSR) 85-28; see Bowen v. Yuckert, 482 U.S. 137, 153 (1987).

In his step two analysis, the ALJ acknowledged that Plaintiff began seeking treatment for depressive-related symptoms in the summer of 2018. Tr. at 33, 308-14, 656-59. Shortly after beginning treatment at the VA, Plaintiff's mental health improved with medication, and treatment notes reflect that she generally showed normal mental status findings at subsequent visits. Tr. 33, 358-59, 640-41, 645-46. Practitioners at Revive Spine Center also noted that Plaintiff had normal mental status exam findings during her back treatment visits. Tr. at 33, 490, 500, 505, 722, 728, 733, 739-40, 768, 788, 793, 853-54. Improvement with medication and objective mental exam findings are appropriate considerations in determining whether a claimant suffers from a disabling condition. *See Reices-Colon v. Astrue*, 523 F. App'x 796, 799 (2d Cir. 2013) (stating that improvement with treatment is properly considered in concluding claimant not disabled); *see also* 20 C.F.R. § 416.926a(a)(3) (stating that an ALJ must consider the effects of medications or other treatment on a claimant's ability to function).

The ALJ then considered two opinions related to Plaintiff's mental abilities: Dr. Ippolito's December 10, 2019, report and Dr. May's December 19, 2019, prior administrative medical finding. Tr. at 33, 39, 112-114, 817-21. Dr. Ippolito opined after examining Plaintiff that she was able to understand, remember, and apply simple directions and instructions; use reason and judgment to make work-related decisions; interact adequately with supervisors, co-workers and the public; sustain concentration and perform a task at a consistent pace; and maintain personal hygiene and appropriate attire with no evidence of limitation. Tr. at 819. Dr. Ippolito found that Plaintiff had mild limitations in the ability to understand, remember, or apply complex directions and instructions; and the ability to demonstrate awareness of normal hazards and take

7

appropriate precautions; and a moderate limitation in sustaining an ordinary routine and regular attendance at work; and in regulating emotions, controlling behavior, and maintaining well-being.  Tr. at 38, 819-20.  Notably, Plaintiff told Dr. Ippolito that she was not seeing any mental health counselors at that time.  Tr. 817.

The ALJ determined that Dr. Ippolito's opinion was "somewhat persuasive" in light of the overall record.  Tr. at 38; 20 C.F.R. § 404.1520c(a)-(c).  In so doing, the ALJ reasoned that Dr. Ippolito's assessment of mild limitations was "supported by [her] personal examination of [Plaintiff] and [was] consistent with [Plaintiff's] conservative treatment history and improvement on medication."  Tr. at 38, 818-19; Dkt. No. 10-1, p. 18 (Plaintiff acknowledging that her mental condition improved with medication).  However, the ALJ found that Dr. Ippolito's assessment of moderate limitations was not equally supported and consistent with the record.  While the alleged moderate limitations "may have been supported by the observed deficits on exam[ination] at the time [Tr. 819]," the ALJ stated, "these findings are inconsistent with the overall record, which documents subjective and objective improvement shortly after beginning medication and a generally normal mental status at treatment visits for physical pain."  Tr. at 38, 722, 728, 733, 739-40, 768, 793, 853-54.  The ALJ further explained that "[m]oderate limitations in these areas are also inconsistent with [Plaintiff's] conservative treatment history and [her] ability to perform daily chores and other activities…" like socializing, using public transportation, and going on vacation with friends.  Tr. at 38-39, 345, 771, 819.

In contrast, the ALJ found "persuasive" Dr. May's opinion that Plaintiff had no more than mild mental limitations and no severe mental impairment. Tr. at 39, 112-114. Dr. May reviewed all of the available evidence, including Dr. Ippolito's report, when making this determination. Tr. at 112-114. Dr. May specifically noted that Dr. Ippolito's opinion of moderate limitations was inconsistent with the mental status findings in the record, discussed above. Tr. at 113. The ALJ found that Dr. May's opinion was consistent with the overall record, including Plaintiff's conservative treatment history, ability to perform daily chores and other activities, including using public transportation, socializing, and going on vacation with friends. Tr. at 39, 55-57, 70-71, 311, 345, 771, 819; *see also* 20 C.F.R. § 404.1520c(c)(2).

This Court finds no error with the ALJ's assessment of the mental health opinions. Contrary to Plaintiff's argument, the ALJ was not required to adopt the totality of Dr. Ippolito's opinion, or any other medical opinion, but rather was tasked with making findings based on the evidence in the record as a whole. *See Kitka v. Comm'r of Soc. Sec.*, No. 5:15-CV-0060, 2016 WL 825259, at *9 (N.D.N.Y. Feb. 9, 2016) ("There is no requirement that the ALJ accept every limitation in the opinion of a consultative examiner.") (citing *Pellam v. Astrue*, 508 F. App'x 87, 89 (2d Cir. 2013)). It is well within the ALJ's discretion to resolve genuine conflicts in the evidence. *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (holding that an ALJ has discretion to accept or reject various portions of a treating physician's opinion, based upon substantial evidence in the record); *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) (stating that "[i]t is for the SSA, and not this court, to weigh the conflicting evidence in the record"); *see also Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) ("In our review, we defer to the Commissioner's

9

resolution of conflicting evidence."). Moreover, state agency physicians, like Dr. May, are highly qualified individuals and experts in evaluating disability claims under the Act, and their opinions can be found to be persuasive where, as here, they are supported by the medical evidence. See 20 C.F.R. § 404.1513a(b)(1); see also Diaz v. Shalala, 59 F.3d 307, 313 n.5 (2d Cir. 1995).

The record also shows that any mental limitations experienced by Plaintiff were situational and temporary. Tr. at 389 (the VA practitioner noting that on September 12, 2018, two months prior to endorsing "passive suicidality without ideation," Plaintiff reported that "financial strain was causing an increase in [her] stress level"); Tr. at 351-53, 358 (noting that just one month after she reported having suicidal ideation, Plaintiff admitted feeling less irritable and less overwhelmed). Under the circumstances, it was reasonable for the ALJ to conclude that those limitations were not severe or disabling. See Swiantek v. Comm'r of Soc. Sec., 588 F. App'x 82, 83-84 (2d Cir. 2015) (finding that behaviors precipitated by situational factors rather than longitudinal manifestations of psychological disorders belied the presence of totally disabling functional limitations); Denea v. Comm'r of Soc. Sec., No. 18-CV-779, 2020 WL 994672, at *6 (W.D.N.Y. Mar. 2, 2020) (although the record showed that plaintiff handled stress poorly at times, the factors cited by plaintiff that caused him stress were largely episodic and/or situational rather than disabling); Morgan v. Colvin, No. 6:14-cv-0549 (LEK), 2016 WL 3527907, at *15 (N.D.N.Y. June 23, 2016) (holding that situational stressors are not a basis for a finding of disability).

It bears noting that, even if the ALJ had accepted Dr. Ippolito's opinion that Plaintiff had moderate limitations, it would not preclude her from performing the basic mental demands of unskilled work.  *See Polito v. Comm'r of Soc. Sec.*, No. 17-CV-6499, 2019 WL 1331558, at *5 (W.D.N.Y. Mar. 25, 2019) (concluding that limiting plaintiff to light, unskilled work accommodated her moderate limitation in social functioning); *Martinez v. Comm'r of Soc. Sec.*, 2017 WL 2633532, at *7 (N.D.N.Y. Jun 15, 2017) (recognizing that moderate limitations in a work related function do not significantly limit, and thus prevent, a plaintiff from performing unskilled work).

Finally, where, as here, the ALJ proceeds to making an RFC determination, the case cannot be remanded on the basis that a particular impairment was not found severe at step two.  *See O'Connell v. Colvin*, 558 F. App'x 63, 64 (2d Cir. 2014); *Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013); *Stanton v. Astrue*, 370 F. App'x 231, 233 n.1 (2d Cir. 2010).  For all of these reasons, this Court declines to remand this case on the basis of a step two error.

**Evidence Before the Appeals Council**

Following the ALJ's decision, Plaintiff submitted an opinion dated August 5, 2020, and treatment notes dated February and July 2020, all from Dr. Franco E. Vigna.  Tr. 8-21.  In his August 2020 opinion, Dr. Vigna stated that Plaintiff was very restricted in her ability to sit and stand, and that she could never lift more than 10 pounds, or twist, crouch/squat, or climb ladders.  Tr. at 11-12.  The Appeals Council rejected the evidence, stating in relevant part:

> You submitted medical evidence dated August 5, 2020[,] from Franco E. Vigna, MD (14 pages).  The Administrative Law Judge decided your case

11

>through December 31, 2019 [your date last insured]. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 31, 2019.

Tr. at 2.

Under the Social Security Act, a court may order the Commissioner to consider additional evidence relating to claimant's alleged disability, but only upon a showing that she has new evidence which is material to her disability determination, and that she has good cause for failing to make such evidence part of the record in a prior proceeding.  42 U.S.C. § 405(g); *see also* 20 C.F.R §§ 404.970(a)(5) (cases the Appeals Council will review), 404.988(b) (conditions for reopening), 404.989(a)(1) (good cause for reopening).  To be considered "new," the proffered evidence cannot be cumulative of what is already in the record.  *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988); *Wilbon v. Colvin*, 2016 WL 5402702, at *5 (W.D.N.Y. Sept. 28, 2016).  Evidence is considered "material" when it is relevant to claimant's condition during the time period for which benefits are sought and is probative of her condition.  *Tirado*, 842 F.2d at 597.  Finally, claimant must show good cause for her failure to present the evidence earlier.  *Id.*; *Brown-Smith v. Comm'r of Soc. Sec.*, 2019 WL 5781861, at *3 (W.D.N.Y. Sept. 6, 2019).

When "evidence submitted by [the claimant] did not exist at the time of the ALJ's hearing, there is no question that the evidence is 'new,' and that 'good cause' existed for [his or] her failure to submit this evidence to the ALJ." *Morales v. Berryhill*, 2018 WL 679566, at *19 (S.D.N.Y. Jan. 8, 2018), *report and recommendation adopted sub nom. Morales v. Comm'r of Soc. Sec.*, 2018 WL 679492 (S.D.N.Y. Feb. 1, 2018) (internal

citations omitted). Evidence is considered material if, upon consideration, it could have "undermined key aspects of the ALJ's decision." *Wilbon*, 2016 WL 5402702, at *6.

In this case, only the July and August 2020 records post-date the ALJ's decision. Tr. at 12, 60. Dr. Vigna's February 4, 2020 treatment note is not new, but rather, is duplicative of evidence that was already before the ALJ. *Compare* Tr. at 14-17 *with* Tr. at 851-54. This leaves the sole question of whether the proffered records from July and August 2020 are material to whether Plaintiff was disabled on or before December 31, 2019. This Court finds that they are not. Dr. Vigna's opinion assesses Plaintiff's functional abilities a full eight months after Plaintiff's date last insured, December 31, 2019. Tr. 8-13. Although Dr. Vigna treated Plaintiff for lower back pain prior to December 2019, his August 5, 2020 opinion does not state that it is a retrospective opinion. *See* Tr. at 8-13.

Likewise, Dr. Vigna's July 6, 2020, treatment note is new but not material, because it does not relate back to the period of time prior to December 31, 2019. Tr. at 14-21. Evidence that a claimant's impairment reached disabling severity only after her date last insured cannot be the basis for determining that she is entitled to DIB, even if the impairment may have existed before the claimant's date last insured and subsequently worsened. Instead, a claimant is entitled to benefits only if she establishes that her condition or conditions reached disabling severity on or before the expiration of her insured status. *Penny M. v. Kijakazi*, 2022 WL 3997745, at *4 (N.D.N.Y. Aug. 31, 2022); *Ewing v. Astrue*, 2013 WL 1213129 *3 (N.D.N.Y. Mar. 22, 2013) (both citing *Arnone v. Bowen*, 882 F.2d 34, 37-38 (2d Cir. 1989)). Accordingly, this Court finds no error in the Appeals Council's rejection of the proffered post-hearing evidence.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is DENIED, and the Commissioner's motion for judgment on the pleadings (Dkt. No. 11) is GRANTED. This matter is remanded to the Commissioner for further proceedings consistent with this decision.

**SO ORDERED.**

DATED:   Buffalo, New York
         September 20, 2022

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**